## The People, etc., for the use of, etc., v. John Courson et al.

1. PRACTICE—*Order of Proofs.*—Where the acts of an agent are relied upon to make a case, proof of his authority should be made before evidence of his acts are admissible.

2. SAME—*As to Proceeds of Writs in the Hands of Other Officers.*— Where a constable holds a justice's execution against a person whose property is already in the hands of the sheriff under a prior execution from the Circuit Court, the proper practice is for the plaintiff in the justice's execution to apply to the Circuit Court for a rule on the sheriff to pay to the constable, after satisfying his prior writ, the amount called for by his execution.

3. SAME—*Proof of Acts of Agent Before Agency Proven, Not Admissible.*—It is improper practice to admit proof of the acts of an agent, till the agency has been proven.

Debt, on a constable's bond. Appeal from the Circuit Court of Knox County; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed February 1, 1900.

Marvin T. Robison and A. J. Boutelle, attorneys for appellant.

Williams, Lawrence & Welsh, attorneys for appellees.

Mr. Presiding Justice Dibell delivered the opinion of the court.

Henry A. Swigert issued and placed in the hands of John Courson, a constable of Knox county, a distress warrant against the goods of Nellie C. Hall, for rent in arrear. The goods had already been seized by the sheriff of the county under an execution from the Circuit Court of Knox County, and were in his possession. Courson indorsed upon the warrant what may be called a paper levy. Such further proceedings were had before a justice of the peace that a special execution was issued to Courson commanding him to sell the goods so supposedly distrained. Courson retained the special execution more than eighty days, and Swigert then brought this suit before a justice of the peace upon the constable's official bond to recover the sum called for by said execution, under Section 9 of Article 16 of Chapter 79 of the Revised Statutes. The justice found for defendants, and upon appeal to the Circuit Court a trial by jury was had, and a verdict rendered and judgment again entered for defendants, and plaintiff prosecutes this further appeal.

The constable claimed he retained the special execution beyond the legal time for its return by the direction of Emanuel L. Swigert, son of plaintiff, and that Emanuel was plaintiff's agent in that matter. The court, against objections of the plaintiff, permitted proof of the directions given by Emanuel to the constable before there was proof of the agency. This was improper practice, and such a course tends to confusion in the trial, and puts into the minds of the jury proof which can not be readily removed if the preliminary proof fails. When offered, the evidence was incompetent, because it did not then appear Emanuel had authority from his father, and the objection should have been sustained, and defendants required to offer their pre-

liminary proof first, in a due and orderly manner. Some of the proof to establish the agency may also have been incompetent. But it finally appeared by the evidence of plaintiff and his son that each time Emanuel visited the constable he·was sent by plaintiff to convey a message to the constable concerning this execution. The fact of agency was therefore established, and the former error was cured. Emanuel denies that he directed the constable to retain the execution, but we are of opinion that the preponderance of the evidence and the reasonable probabilities are with defendants on that question. Plaintiff and his son deny that Emanuel was authorized by his father to direct the plaintiff to hold the execution. But having been sent to convey a message from plaintiff to the constable concerning the execution, even if he exceeded his instructions, still plaintiff would be bound.

The constable never had these goods, and could not sell them under the special execution. In the reply brief · plaintiff says that the fact (outside the record) is that after the sheriff had sold enough property to satisfy his prior · writ, these goods described in the distress levy and special execution were left unsold. But the stipulated proof in this record, by which we must be governed, is that the sheriff sold all the goods, and had money enough to have paid this special execution after satisfying the prior writ held by him. In that state of the case there were no goods the constable could seize or sell. He did frequently seek money from the sheriff but did not receive it. A petition should have been filed or motion made in the Circuit Court from which the sheriff's writ issued, asking a rule on the sheriff, after satisfying his prior writ, to then pay the constable the amount called for by his special execution. We fail to see that it was the duty of the constable to go into the Circuit Court, prepare and present such a petition or motion, bring it to a hearing, present the proofs and secure · such an order. He was not a lawyer. He could not do this work himself. If he hired a lawyer to do it, no mode is provided by which he could recover the expense from

Swigert, or charge that expense as part of his fees. It seems to us this was the duty of Swigert or his attorney, and that the constable is not chargeable with any neglect in the matter. We are of opinion this effort to make the constable pay the plaintiff the amount named in the special execution, ordering him to make that money from the sale of goods he never seized or had a right to seize, is without merit, and that substantial justice has been done. The judgment is affirmed.